IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01202-GPG

JOHN J. BAUTISTA, JR.,

    Plaintiff,

v.

VIRGINIA DEPT. OF SOC. SERVICES,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff John J. Bautista, Jr., resides in Aurora, Colorado. He initiated this action on June 9, 2015, by filing *pro se* a civil Complaint. Magistrate Judge Gordon P. Gallagher has granted Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915. The Court in reviewing the merits of Plaintiff's Complaint must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below the Court will dismiss this action.

    Plaintiff is challenging the results of a hearing held on May 5, 2014, in the State of Virginia, in which his responsibility for child support was determined. Plaintiff asserts that the resulting decision by the Virginia Department of Social Services (VADSS) lacked due process and assigned to him an estimated $170,000.00 of long-term debt, even though he was almost homeless and incurs monthly expenses of $5,500. Plaintiff seeks $20,000.00 for his children to be paid by the VADSS in the form of an

educational trust and compensation for any associated court, attorney, and processing fees. Plaintiff is asserting diversity and federal question jurisdiction.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment.  *See Feldman*, 460 U.S. at 482 n.16.  "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks."  *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280.  "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment."  *Crutchfield*, 389 F.3d at 1148.  Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts."  *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

Although not clearly stated, Plaintiff is asking this Court to review the determinations of the VADSS administrative hearing decision.  Plaintiff seeks monetary compensation for his children and costs of litigation for what he claims was an improper decision regarding his child support in violation of his due process rights.  For Plaintiff to prevail on his claims, this Court would have to review, and ultimately reject, the administrative hearing decision.  Therefore, Plaintiff's claims are subject to dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.  *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005).

The Court further finds that, to the extent any orders issued as a result of the May 5, 2014 administrative hearing are not final because the proceeding is pending in a state appellate court, or the time for filing an appeal has not yet expired, Plaintiff's claims are subject to dismissal pursuant to the *Younger* abstention doctrine.  *See*

*Younger v. Harris*, 401 U.S. 37 (1971). That doctrine "requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). The Court of Appeals for the Tenth Circuit has consistently applied *Younger* to child custody cases. *See Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. March 15, 2013) (collecting cases). Finally, Plaintiff does not allege specific facts to show that state court proceedings do not offer him an adequate opportunity to litigate any federal constitutional issues. *See Middlesex Cnty. Ethics Comm.,* 457 U.S. at 431.

In addition, a state court divorce action involves important state interests. The Supreme Court has stated that " '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' " *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)). Consequently, federal courts do not have diversity jurisdiction over divorce, alimony decrees and child custody orders. *Ankenbrandt*, 504 U.S. at 703. Furthermore, "[f]ederal courts will not hear divorce and custody cases even if they arise in diversity because of the virtually exclusive primacy . . . of the States in the regulation of domestic relations." *See United States v. Windsor,* 133 S. Ct. 2675, 2691 (2013) (quoting *Id.*, at 714, (Blackmun, J., concurring in judgment) (omitting internal quotations marks).

The *Ankenbrandt* exception, however, does not apply to cases where a federal court has jurisdiction over a case because the case presents a federal question.

*Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 946-47 (9th Cir. 2008). Nor does the exception apply to constitutional challenges to an underlying statutory scheme. *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1111 (10th Cir. 2000).

Plaintiff refers to a lack of due diligence by the VADSS in reviewing the evidence regarding his financial situation that apparently resulted in a lack of due process. ECF No. 1 at 5. "While rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Elk Grove Sch. Dist. v. Newdow*, 524 U.S. 1, 12-13 (2004) (abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, — U.S. —, 134 S. Ct. 1377, 1386-87 (2014)) (quoting *Ankenbrandt*, 504 U.S. at 703). Although Plaintiff has referred to a due process violation, his claim does not transcend or exist apart from the family law issue and, therefore, fall within the domestic relations exception. His claim is no more than a disagreement with the VADSS's decision regarding the child support that he owes.

Therefore, the Complaint and action will be dismissed for lack of subject matter jurisdiction.

The Court further notes, however, that Defendant VADSS is immune from suit. "As a general rule, the Commonwealth (State of Virginia) is immune both from actions at law for damages and  from suits in equity to restrain governmental action or to compel such action . . . ." *Afzall v. Commonwealth*, 639 S.E.2d 279, 282 (2007) (citations and quotation marks omitted). The doctrine shields from liability any entity which functions as an "arm" of the Commonwealth itself. *VEPCO v. Hampton Redev. Auth.*, 225 S.E.2d 364 (1976).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED June 12, 2015, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court